**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BUDHIJANTO SUKIRDJAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71579

Agency No. A096-203-771

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2020**

Before:  SCHROEDER, HAWKINS, and GRABER, Circuit Judges.

Budhijanto Sukirdjan, a native and citizen of Indonesia, was ordered removed, and his applications for asylum, withholding of removal, and protection under the Convention Against Torture were denied.  Several years later, Sukirdjan moved to reopen his case arguing that the country conditions in Indonesia had materially

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

changed and, as a Chinese Christian, that he faced increased danger given the presence of extremist groups in the country. The Board of Immigration Appeals ("BIA") denied his motion, and he now petitions for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion by denying the motion. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (stating the abuse of discretion standard). Sukirdjan filed his motion after the ninety-day deadline but argued the time bar did not apply because the motion was based on previously unavailable and material evidence of changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA's determination that Sukirdjan presented evidence demonstrating that violence against Chinese Christians persisted but did not materially change was not "arbitrary, irrational, or contrary to law." *Agonafer*, 859 F.3d at 1203 (internal quotation marks omitted). Therefore, it was not an abuse of discretion to deny the motion as untimely.

Because the BIA denied the motion as untimely based on Sukirdjan's failure to introduce evidence of materially changed country conditions, the BIA "did not need to reach the question of whether [Sukirdjan] established a prima facie case for relief." *Najmabadi v. Holder*, 597 F.3d 983, 991–92 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**